UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAROLD J. STENSON,<br><br>                Petitioner,<br><br>v.<br><br>JOHN LAMBERT,<br><br>                Respondent. | No. C01-252P<br><br>ORDER ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY |

       This matter comes before the Court on Petitioner's motion for a certificate of appealability (COA). (Dkt. No. 173).  Petitioner is challenging his state court conviction and sentence of death for two counts of premeditated first degree murder with aggravating circumstances.  He requests a COA for ten claims alleged in his habeas petition.  Having considered the materials submitted by the parties and the records in this case, the Court hereby GRANTS petitioner's motion.

       Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a petitioner seeking a COA must make a "substantial showing of the denial of a constitutional right" for each claim that he wishes to appeal.  28 U.S.C. § 2253(c).  "The AEDPA's 'substantial showing' requirement for a COA is 'relatively low,' and is satisfied when the 'petitioner can demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'" Williams v. Woodford, 384 F.3d 567, 583 (9th Cir. 2004) (internal citations omitted).  In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a COA, although this consideration is not dispositive.  Id.  Any doubt about granting a COA should be resolved in the petitioner's favor.  Id.  In

ORDER ON MOTION FOR COA – 1

issuing a COA, the Court must indicate which specific issue or issues meet the required showing. 28 U.S.C. § 2253(c)(3).

Consistent with these standards, the Court finds that petitioner has made a sufficient showing that a COA is warranted for the claims listed below (these claims are labeled by letter in the same manner that they have been labeled by petitioner throughout this proceeding):

(A) Violation of right to self-representation (i.e., petitioner's Faretta claim).

(B) Violation of right to counsel due to conflict of interest on the part of petitioner's counsel.

(C) Violation of right to counsel due to irreconcilable conflict between petitioner and his counsel.

(D) Violation of right to counsel due to lack of representation at a critical stage in the proceeding.

(E) Violation of right against self-incrimination in sentencing.

(F) Violation of right to effective assistance of counsel at sentencing.

(G) Violation of right to present mitigating evidence at sentencing (i.e., petitioner's Lockett claim).

(H) Violation of right to effective assistance of counsel at trial (with the exception of the portion of this claim that involves the claim of impeachment evidence regarding state criminalist Michael Grubb).

(I) Constitutionally inadequate proportionality review.

(J) Violation of right to effective assistance of counsel on appeal.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 6th day of October, 2005.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER ON MOTION FOR COA – 2